IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nikia Timothy Striet, <br>     Petitioner, <br> vs. <br><br> Craig Apker, <br>     Respondent. | No.  CV 10-366-TUC-DCB (BPV) <br><br> **REPORT AND RECOMMENDATION** |

    Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on June 16, 2010. (Doc. 1) Petitioner, Nikia Timothy Striet, alleges that he was denied his Constitutional due process rights during prison disciplinary proceedings. (Petition, p.4) Striet also alleges he was denied a visitor pursuant to the Federal Bureau of Prisons ("BOP") policy which denies visitors to inmates unless they knew the inmate prior to incarceration; Petitioner alleges this policy violates equal protection under the United States Constitution. (Petition, p.5)

    Respondent filed an Answer and Response in Opposition to Petition for Writ of Habeas Corpus with exhibits one through three attached ("Answer"). (Docs. 13,14) Respondent contests the Petition, asserting Petitioner has failed to exhaust administrative remedies and has procedurally defaulted Ground One of his Petition. Respondent also argues that Petitioner's claims are without merit.

    Also pending before the Court is Petitioner's Motion for Summary Judgment. (Doc. 15)

    Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 7)

1  For the reasons discussed below, the Magistrate Judge recommends that the
2 District Court enter an order dismissing the Petition as procedurally defaulted. The
3 Magistrate Judge also recommends that the District Court enter an order denying the
4 Motion for Summary Judgment.

## I. PROCEDURAL BACKGROUND

At the time Striet filed the present Petition he was an inmate at the United States Penitentiary ("USP") in Tucson, Arizona. (Petition; Answer, Ex. 1) Striet alleges the BOP violated his due process rights at multiple disciplinary proceedings. Petitioner refers to the incident reports he received as a result of disciplinary infractions as "shots" (Petition, p.1-2, 4), and has attached 11 "shots" to the Petition (Petition, p.21,26,30 and *4[1],*17,*18,*19,*20,*22,*23,*30). Petitioner has also attached additional documentation, including Notices of Discipline Hearing Before the Discipline Hearing Officer ("DHO") (Petition, p.20, 28,*24, *27, *31); Inmate Rights at Discipline Hearing (Petition p.21, 29, *25, *28, *32); Investigations (Petition, p.27); Advisements of Incident Report Delay(s) (Petition p.*29); DHO Packets (Petition, p.14, 22); and DHO Reports (Petition p.10-13, 115-19, 23-25, 31-32, *1-*3, *5-*8, *9-*12, *13-*16). In total, Petitioner includes documentation for disciplinary proceedings referring to 12 separate incidents occurring between October, 2003 and December, 2009.

At the time of these twelve disciplinary proceedings, Striet was incarcerated at four prison facilities: USP Tucson, USP Terre Haute, USP Atwater, and Federal Detention Center ("FDC") Seatac. (*Id.*) Striet is currently serving a 188-month sentence

---

[1] Petitioner's exhibits are not labeled or indexed. Therefore, the court will refer to them using the Court's electronic filing (CM/ECF) numbers. The Petition was entered into the Court's electronic filing system as Document 1, pages 1-32, followed by Document 1-1, pages 1-32. For ease of reference, documents entered as Documents 1-1 will be referred to in this Report and Recommendation with an asterisk ("*") before the page number.

1  of incarceration for Felon in Possession of a Firearm, and is projected to complete this
2  sentence on May 14, 2017, via Good Conduct Time ("GCT") Release. (Answer, Ex. 1,
3  Attachment 2)

4      Striet raises two grounds for relief in his Petition: (1) that he was denied his
5  Constitutional due process rights during the prison disciplinary process; and (2) that he
6  was denied visitation because of the BOP's visitation policy, and that the visitation
7  policy violates the equal protection clause of the Constitution. (Petition, p.4-5). As
8  relief, Petitioner requests the Court to expunge the incident reports and restore GCT and
9  commissary privileges. (Petition, p.9)

10      The Court directed service to be effected on Respondent and instructed
11  Respondent to answer the Petition. (Doc. 7) Respondent filed an Answer on October
12  26, 2010, with a supplemental exhibit filed on October 27, 2010, contesting the claims
13  raised in the Petition as administratively unexhausted and procedurally defaulted, and
14  without merit. (*See generally* doc. 13) Petitioner did not file a timely reply to
15  Respondent's answer, but filed a motion for summary judgment on February 10, 2011.
16  (Doc. 15) Respondent filed a response to the motion, requesting that the motion be
17  denied. (Doc. 16)

18  **II.  DISCUSSION**

19      A.  Jurisdiction

20      A prisoner who wishes to challenge the manner, location, or conditions of a
21  sentence's execution must bring a petition pursuant to § 2241 in the custodial court.
22  *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000), and must file the petition in
23  the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d
24  672,677 (9th Cir. 1980).

25      In this case, Petitioner challenges the loss of good time credit and commissary
26  restrictions without due process, as well as the constitutionality of BOP's visitation

- 3 -

policy. Petitioner is challenging the legality of the manner in which his sentence is being executed. Thus, his petition is proper under 28 U.S.C. §2241.

### B. Exhaustion of Administrative Remedies

Before bringing a habeas petition a federal prisoner generally must exhaust any available administrative remedies. *See Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986). Because the exhaustion requirement is not statutory, pursuant to 28 U.S.C. § 2241, it is not a jurisdictional prerequisite. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54-55 (1995). Nevertheless, federal courts "require as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro–Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir.2001), *abrogated on other grounds Fernandez–Vargas v. Gonzales*, 548 U.S. 30, 36 (2006). While "courts have discretion to waive the exhaustion requirement when prudentially required, this discretion is not unfettered." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir.2004). A court may waive the exhaustion requirement where administrative remedies are inadequate, futile, or pursuit of them would cause irreparable harm. *Id.* at 1000-01. Accordingly, if the petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding to court," *Brown, 895 F.2d 535*, unless such remedies are no longer available, in which instance he may have procedurally defaulted on his claims, *see Francis v. Rison*, 894 F.2d 353, 354-55 & n. 2 (9th Cir.1990) (applying procedural default rules to administrative appeals); *see generally Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977); *Tacho v. Martinez*, 862 F.2d 1376, 1378 (9th Cir.1988). If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir.

1 1994)(citing *Francis*, 894 F.2d at 354; *Martinez*, 804 F.2d at 571). If a claim is
2 procedurally defaulted, the court may require the petitioner to demonstrate cause for the
3 procedural default and actual prejudice from the alleged constitutional violation. *See*
4 *Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate
5 test); *Murray*, 477 U.S. at 492 (cause and prejudice test applied to procedural defaults
6 on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906-08 (9th
7 Cir.1986) (cause and prejudice test applied to *pro se* litigants).

8       The BOP has established an administrative remedy process permitting an inmate
9 to seek review of an issue relating to "any aspect of his/her own confinement." 28
10 C.F.R. § 542.10(a). Under that process, an inmate must proceed through four levels: (1)
11 an attempt at informal resolution; (2) a formal written request to the warden for an
12 administrative remedy; (3) an appeal to the regional director of the region where the
13 inmate is confined; and (4) an appeal to the general counsel. 28 C.F.R. §§
14 542.13-542.15. The appeal to the general counsel completes the administrative remedy
15 process. 28 C.F.R. § 542.15(a).

16       Petitioner alleges he administratively appealed the decisions resulting in the loss
17 of privileges but that he "never heard back." (Petition, p.2) Petitioner alleges that he
18 exhausted all administrative remedies relating to Ground One to the Office of General
19 Counsel. (Petition, p.4) Petitioner concedes that he did not exhaust administrative
20 remedies relating to Ground Two because "[t]here was no appeal as to visitation form.
21 Further[]more exhaustion under 2241, exhaustion requirement is purely a judge made,
22 prudential requirement, and therefore is not jurisdictional." (Petition, p.5)

23       Respondent submits evidence that Petitioner did not file any administrative
24 remedies or appeals for disciplinary sanctions imposed by the DHO or UDC in any of
25 his disciplinary proceedings. (Answer, Ex.1, Curless Declaration, ¶ 5) Neither did he
26 file any administrative remedies or appeals for the denial of visitation by the placement
27 of an individual on his visitor list. (*Id.*)

28

The Magistrate Judge concludes that Petitioner has not exhausted his administrative remedies. Petitioner first alleges that he administratively appealed the decision he is challenging, asking the court to "see attached" for filing dates, opinion and case numbers, and that he "never heard back" regarding the results, presumably of any of the decisions relating to all twelve of the disciplinary incidents. (*See* Petition, p.2) Despite attaching some documentation for all twelve disciplinary incidents, Petitioner attaches no documentation of any administrative appeal in support of his assertion that he exhausted even one of the twelve incidents through even one of the four levels of the administrative remedy process. Further in the Petition, in contradiction to Petitioner's first assertion that he "never heard back" regarding his administrative appeal, Petitioner alleges that he exhausted all available administrative remedies by presenting the issues in Ground One, presumably again relating to all twelve incident reports, to the Office of General Counsel (*see* Petition, p.4), which is the fourth and highest level of review *(see* 28 C.F.R. §§ 542.10-15).

Respondent's exhibits demonstrate that Petitioner is aware of the Administrative Remedy process and has used it for at least thirteen other matters, however, Petitioner did not exhaust his administrative remedies regarding the instant matter. (See Answer, Ex. 1, Curless Declaration) Neither has Petitioner, aside from his own undocumented, contradictory and self-serving allegations, demonstrated that he has previously attempted to exhaust any of his claims, including the visitation claim.

In *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), *superseded by statute on other grounds as stated in*, *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir.1997), the Supreme Court held that "[w]here Congress has not clearly required exhaustion, sound judicial discretion governs." *Id*. The *McCarthy* Court noted that "federal courts are vested with a 'virtually unflagging obligation' to exercise jurisdiction given to them." *Id*. at 146 (internal citations omitted). Courts have discretion to waive the exhaustion requirement when it is prudentially required. *Id*; *see also El Rescate Legal Servs., Inc.*

- 6 -

*v. Executive Office of Immigration Review*, 959 F.2d 742, 746 (9th Cir.1991). In determining whether to waive prudential exhaustion, federal courts must balance the interest of the individual in obtaining prompt access to a federal judicial forum against institutional interests favoring exhaustion. *McCarthy*, 503 U.S. at 146 (internal quotations and citations omitted). "[A]dministrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." *Id*. Here, there is no evidence that Petitioner's claims have ever been addressed at any level of the BOP's administrative process.

The Ninth Circuit has explained why exhaustion is required before a petitioner may file for habeas relief:

> The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). In this case, the factual record has not been developed. This lack of development is compounded by Petitioner's delay in filing this Petition challenging disciplinary infractions, the most recent of which was almost six months old at the time the Petition was filed, well beyond administrative filing deadlines already (see 28 C.F.R. § 542.14) but some which were more than five years old at the time of filing of the Petition. Though Petitioner gives no guidance in the Petition, to either the Court or the agency, as to how his due process rights were violated in any of the disciplinary proceedings, the agency should have been given the opportunity to address, and if appropriate, correct any specific errors occurring through the course of administrative proceedings.

Respondent correctly argues that Petitioner's failure to file administrative remedies on any of his previous disciplinary matters, which involve date-specific

- 7 -

1  "charges" places Petitioner in procedural default. *See Nigro v. Sullivan*, 40 F.3d 990,
2  993 (9th Cir. 1994); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v.*
3  *Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *see also Cannon v. Thomas*, 2009 WL
4  259415, *2 n.3 (D.Ariz 2009).

5       Cause and prejudice may excuse a procedural default of administrative remedies.
6  *Francis*, 894 F.2d at 355, 355 n.2. Petitioner asserts no excuse for failing to file an
7  administrative remedy in any of his disciplinary proceedings. Petitioner was not
8  prevented from raising his due process claims by some external impediment, nor does
9  his *pro se* status constitute cause for a procedural default. *See McClesky v. Zant*, 499
10 U.S. 467, 497-98(1991); *Murray*, 477 U.S. at 488; *Tacho*, 862 F.2d at 1381.

11      Accordingly, Ground One of Petitioner's claim is procedurally defaulted and
12 should be dismissed with prejudice.

13      Petitioner admits that he did not exhaust administrative remedies relating to
14 Ground Two, asserting there is no appeal available, and noting that the requirement of
15 exhaustion is non-jurisdictional. The Court agrees that exhaustion in § 2241 habeas
16 petitions is a prudential, rather than a jurisdictional, requirement, however, Petitioner
17 has not demonstrated good cause for this Court to exercise its discretion to waive the
18 jurisdictional requirement. Respondent has demonstrated that administrative appeal of
19 this issue is available. *See* 28 CFR § 542.10 (a). Furthermore, Petitioner does not assert
20 nor has he demonstrated that administrative remedies regarding prison visitation
21 policies are inadequate, futile, or pursuit of them would cause irreparable harm. *See*
22 *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir.2004); *see also Fraley v. United*
23 *States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993) (*per curiam*) (waiving
24 exhaustion where the initial request for an administrative remedy was denied based on
25 official BOP policy and further appeal would almost certainly have been denied based
26 upon the same policy.) The Magistrate Judge finds no cause to exercise the courts
27 discretion to waive the exhaustion requirement regarding this claim.

28

1     Petitioner alleges no facts establishing the date and time he was denied a visitor
2 pursuant to BOP policy. Nonetheless, pursuant to 28 C.F.R. §§ 542.10-15, the time to
3 file an administrative appeal of the denial of a request for any visitor prior to the filing
4 date of this Petition has passed. Accordingly, Petitioner has also procedurally defaulted
5 this claim.

6     Cause and prejudice may excuse a procedural default of administrative remedies.
7 *Francis*, 894 F.2d at 355, 355 n.2. Petitioner asserts no excuse for failing to file an
8 administrative remedy regarding the denial of visitation. Petitioner was not prevented
9 from raising his due process or equal protection claims by some external impediment,
10 nor does his *pro se* status constitute cause for a procedural default. *See McClesky v.*
11 *Zant*, 499 U.S. 467, 497-98 (1991); *Murray*, 477 U.S. at 488; *Tacho*, 862 F.2d at 1381.

12     Because it is not evident from the Answer that Respondent intended to raise a
13 procedural default argument as to Ground Two of the Petition, the Magistrate Judge
14 will allow Petitioner the opportunity to establish cause and prejudice excusing his
15 default. Petitioner may do so by filing an objection to this Report and Recommendation
16 and including within the objections the factual and legal basis demonstrating cause and
17 prejudice for the failure to exhaust his claim raised in Ground Two of the Petition.

18     Accordingly, absent a demonstration of cause and prejudice in the objections to
19 the Report and Recommendation, Ground Two of Petitioner's claim is procedurally
20 defaulted and should be dismissed with prejudice.

21 **III.  MOTION FOR SUMMARY JUDGMENT**

22     The Magistrate Judge recommends that Petitioner's Motion for Summary
23 Judgment be denied as untimely and moot. Pursuant to the District Court's scheduling
24 order of September 8, 2010 (doc. 7), Petitioner had 30 days from the date of service of
25 an answer to file a reply. The Answer was filed on October 26, 2010. (Doc. 13) The
26 Motion for Summary Judgment was filed on February 10, 2011. (Doc. 15) To the extent
27 the motion can be construed as a reply to Respondent's Answer, it is untimely pursuant
28

- 9 -

to this Court's scheduling order. Furthermore, the Motion raises specific factual allegations that were notably lacking from the Petition. Though a petitioner may allege material facts after a return is filed (*see* 28 U.S.C. § 2243), requiring the Respondent to respond and address the merits of specific claims raised for the first time in an untimely motion is after the Magistrate Judge has already established that Petitioner has failed to exhaust any of his claims is a futile exercise in litigation for the Respondent as well as an inefficient use of judicial resources. Additionally, if the motion is addressed as a motion for summary judgment on Petitioner's claims, it is unnecessary and procedurally improper. Habeas proceedings are, by their nature, presumptively summary proceedings. *See* Rules Governing Section 2254 Cases, Rule 8 (determination whether hearing required) and Rule 1 (rules applicable to § 2241 proceedings). In light of the Magistrate Judges determination that both Grounds One and Two of the Petition are unexhausted, and procedurally defaulted, and because the motion is untimely and or procedurally duplicative and unnecessary, the Magistrate Judge recommends that the District Judge dismiss this motion as untimely and moot.

**IV.     NOTICE**

The Magistrate Judge hereby gives **notice** to Petitioner that the Magistrate Judge has found that Petitioner has procedurally defaulted Ground Two of his Petition by failing to administratively exhaust the claim. **Petitioner may raise grounds for his procedural default of Ground Two by filing objections to the Petition, as described below, and raising any grounds for procedural default of Ground Two therein**.

**V.      RECOMMENDATION**

Based on the foregoing, and absent any demonstration of cause and prejudice for the procedural default of Ground Two, the Magistrate Judge recommends that the District Court, after its independent review of the record:

    (1)     Enter an order DISMISSING the Petition WITH PREJUDICE as procedurally defaulted. (Doc. 1.)

1       (2)     Enter an order DISMISSING the Motion for Summary Judgment as
2               untimely and/or moot. (Doc. 15)
3       Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections
4  within fourteen (14) days of being served with a copy of the Report and
5  Recommendation. If objections are not timely filed, they may be deemed waived. The
6  parties are advised that any objections filed are to be identified with the following case
7  number: **No. CV-10-366-TUC-DCB**
8       The Clerk is DIRECTED to send a copy of this Report and Recommendation to
9  the Petitioner and the Respondent.
10      DATED this 17th day of June, 2011.

_____
Bernardo P. Velasco
United States Magistrate Judge