# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Nikia Timothy Striet,<br><br>        Petitioner,<br><br>v.<br><br>Craig Apker,<br><br>        Respondent, | CV 10-366 TUC DCB<br><br>**O R D E R** |

      This matter was referred to Magistrate Judge Bernardo P. Velasco, pursuant to the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), and he issued a Report and Recommendation (R&R) on June 17, 2011. (Doc. 17**.**) He recommends dismissing the Petition for Writ of Habeas Corpus, seeking relief pursuant to 28 U.S.C. § 2241, as procedurally defaulted. He recommends denying the Petitioner's Motion for Summary Judgment as untimely and/or moot. The Court accepts and adopts the Magistrate Judge's R&R as the findings of fact and conclusions of law of this Court and dismisses the Petition and denies the Motion for Summary Judgment.

## STANDARD OF REVIEW

      The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1). When the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court does not

need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). No Objection has been filed.

## REPORT AND RECOMMENDATION

Petitioner challenges the loss of good time credit and commissary restrictions without due process and the constitutionality of the Bureau of Prison's (BOP's) visitation policy.  Petitioner, challenges the manner of his sentence's execution and brings his action pursuant to 28 U.S.C. § 2241.

The Magistrate Judge found the Petitioner failed to timely seek administrative remedies regarding the challenged disciplinary matters, which involved date-specific allegations, and has therefore procedurally defaulted his claims.  (R&R at 7-8 (citing *Nigro v. Sullivan*, 40 F.3d 990,993 (9th Cir. 1994); *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v.Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *Cannon v. Thomas*, 2009 WL259415, *2 n.3 (D.Ariz 2009)).

The Petitioner admitted that he did not exhaust administrative remedies relating to his claim that the BOP visitation policy violates the Constitution.  The Magistrate Judge found the Petitioner failed to assert that administrative remedies were either unavailable, futile or the pursuit of them would cause irreparable harm.  Petitioner even failed to allege any facts establishing a date or time he was denied a visitor pursuant to the BOP policy.

The Magistrate Judge found the Petitioner failed to present any evidence of cause and prejudice which might excuse a procedural default to waive the default.  The Magistrate Judge gave Petitioner an opportunity to argue cause and prejudice for his lack of exhaustion in any Objection filed to the R&R, but Petitioner did not file an Objection.

1 2 3  Given that Petitioner's claims were found to be procedurally defaulted, the Magistrate Judge recommended the Petitioner's Motion for Summary Judgment be denied as untimely and/or procedurally duplicative of the Petition and unnecessary and/or moot.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition and denies the Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation [Doc. # 17] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Motion for Summary Judgment [Doc. # 15] is DENIED.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment
2  accordingly.
3  **IT IS FURTHER ORDERED** that because the Petitioner did not file an Objection to the
4  R&R, any appeal is NOT TAKEN IN GOOD FAITH, and Petitioner is denied leave to proceed
5  *in forma pauperis* if an appeal is taken.
6  DATED this 23rd day of August, 2011.

David C. Bury
United States District Judge